Johnson, J.
delivered the opinion of the Court.
The circumstances of this case furnish, I think, a practical illustration of the necessity of the rule suggested by the Court, on a former occasion, (although I am not now able to lay my hand upon the ease,) that when the discount of a defendant in an action by summary process exceeds the summary jurisdiction, the Court should, on being satisfied of the merits of the discount, compel the plaintiff to declare, that the defendant might have the benefit of the discount. In this case, the 'debt demanded of the defendant is only forty-seven dollars and fifty cents. The plaintiffs, it is said, are utterly insolvent; but according to the rules regulating the summary jurisdiction, the defendant is not allowed to set off a debt of three hundred dollars which the plaintiffs owe him : and the effect is, that the defendant in the event of their insolvency loses his whole demand. Justice ought not to be thus perverted, and so long as the Court can exercise any discretion over it, it cannot be permitted. Upon a proper case made I would how, if for the first time, order the plaintiff to declare, that the defendant might come in with his discount.
The decree of the Circuit Court was clearly erroneous on another ground. One of the plaintiffs, a partner, acknowledged that the demand sued for was satisfied ; and although the firm was insolvent, and the partnership dissolved, he, for any thing that appears here, was equally competent with the. other, or any one else, to receive or cancel the debt of the defendant; and having cancelled it, the partnership is bound by it.
Motion granted.